# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| PATRICK D. BAKER | § | |
| | § | |
| V. | § | No. 5:14CV72 |
| | § | |
| URS FEDERAL SERVICES, INC. | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### I. FACTUAL BACKGROUND

On April 16, 2014, Patrick Baker ("Plaintiff"), proceeding *pro se*, filed an employment discrimination lawsuit against URS Federal Support Services, Inc. ("URS"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. §2000e-5. (Cause No. 5:14cv52). On May 28, 2014, Plaintiff filed another employment discrimination lawsuit against John McHugh, Secretary of the Army ("McHugh"), and the Red River Army Depot ("RRAD") pursuant to Title VII. (Cause No. 5:14cv72). In that lawsuit, Plaintiff alleged McHugh and RRAD terminated his employment based on race and color and in retaliation for Plaintiff's prior protected activity. Specifically, Plaintiff alleged his supervisors generally treated him unfairly by refusing to grant him access to the premises of the RRAD, "which negated" an offer of employment with URS, a contract employer.

## II. PROCEDURAL BACKGROUND

On July 21, 2014, the Court ordered that Plaintiff's two civil actions be consolidated into one case under the number of the second filed case, Cause No. 5:14cv72. Eight days later, Consolidated Defendant URS filed a Rule 12(b)(6) Motion for Dismiss for Failure to State a Claim and/or, in the Alternative, Motion for More Definite Statement. On September 15, 2014, Defendants John McHugh and RRAD filed a motion to dismiss. Plaintiff filed his current Motion for Summary Judgment on November 10, 2014 (Dkt. No. 55).

In late December of 2014, the Magistrate Judge issued a Report and Recommendation, recommending McHugh and RRAD's motion to dismiss be granted and that URS' motion to dismiss be granted in part and denied in part. Specifically, the Magistrate Judge recommended Plaintiff's racial discrimination claims against URS be dismissed for failure to state a claim upon which relief can be granted. Regarding Plaintiff's retaliation claim, the Magistrate Judge granted URS' alternate motion for a more definite statement.

On March 30, 2015, the undersigned adopted the December 30, 2014 Report and Recommendation as the findings and conclusions of the Court, dismissing without prejudice Plaintiff's claims against McHugh and the RRAD. The Court also granted URS' Rule 12(b)(6) motion to dismiss as to Plaintiff's racial discrimination claim, leaving only Plaintiff's retaliation claim against URS in this case. The Court ordered Plaintiff to amend his complaint against URS within fifteen days, removing the racial discrimination claim and alleging facts sufficient to support a retaliation claim (including that the job offer would not have been rescinded "but for" URS' desire to retaliate against Plaintiff for engaging in protected activity when he was employed by the RRAD). Plaintiff amended his complaint April 6, 2015.

## III. REPORT AND RECOMMENDATION

On April 8, 2015, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiff's motion for summary judgment filed November 10, 2014 be denied. In his motion, Plaintiff requests the Court enter summary judgment on his retaliation claim against URS and also on his former discrimination claim. According to Plaintiff's motion, he has "given proof for every claim that arises against the Defendant so I'm asking the Court to enter judgment." (Dkt. No. 55 at 3). Plaintiff did not attach any evidence to his motion. Because Plaintiff had not demonstrated that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, the Magistrate Judge recommended Plaintiff's motion for summary judgment be denied. FED. R. CIV. P. 56(c)

## IV. PLAINTIFF'S OBJECTIONS

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. In their entirety, the objections provide as follows:

> The Court had me to amend my complaint which the amended complaint shows undisputed evidence as a material fact. And also Docket Sheet #4 and also I was denied material fact and undisputed evidence of URS letter of job acceptance signature Ark-La-Tex Health Center where I took my drug test E-signature for the position and a copy of my application. So with undisputed evidence from my amended complaint and denied requested evidence I object to the denial of summary judgment.

(Dkt. No. 73 at pg. 1).

## V. *DE NOVO* REVIEW

Plaintiff, as the movant, bears the responsibility of informing the Court of the basis for his motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which he believes demonstrate the absence of a

3

genuine issue of material fact. *Topalian v. Ehrman,* 954 F.2d 1125 (5th Cir.1992), *cert. denied,* 113 S.Ct. 82 (1992). Plaintiff's three-page motion for summary judgment does not include a statement of issues to be decided by the Court or a Statement of Undisputed Material Facts. Plaintiff has not submitted any evidence with his motion demonstrating the absence of any genuine issue of material fact.

The Court finds Plaintiff's objections without merit. The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. No. 55) is **DENIED**.

**SIGNED this 17th day of June, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE