# United States District Court
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| PATRICK D. BAKER | § | |
| | § | |
| V. | § | Case No. 5:14CV72 |
| | § | Judge Mazzant |
| URS FEDERAL SERVICES, INC. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. URS filed a response, and Plaintiff filed a reply (Dkt. No. 111).

On November 11, 2015, this case was reassigned to the undersigned. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## I. FACTUAL BACKGROUND

On April 16, 2014, Patrick Baker ("Plaintiff"), proceeding *pro se*, filed an employment discrimination lawsuit against URS Federal Support Services, Inc. ("URS"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. §2000e-5. (Cause No. 5:14cv52). On May 28, 2014, Plaintiff filed another employment discrimination lawsuit against John McHugh, Secretary of the Army ("McHugh"), and the Red River Army Depot ("RRAD") pursuant to Title VII. (Cause No. 5:14cv72). In that lawsuit, Plaintiff alleged McHugh and RRAD terminated his employment based on race and color and in retaliation for Plaintiff's prior protected activity. Specifically, Plaintiff alleged his supervisors generally treated him unfairly by refusing to grant him access to the premises of the RRAD, "which negated" an offer of employment with URS, a contract employer.

## II. PROCEDURAL BACKGROUND

On July 21, 2014, the Court ordered that Plaintiff's two civil actions be consolidated into one case under the number of the second filed case, Cause No. 5:14cv72. Eight days later, Consolidated Defendant URS filed a Rule 12(b)(6) Motion for Dismiss for Failure to State a Claim and/or, in the Alternative, Motion for More Definite Statement. On September 15, 2014, Defendants John McHugh and RRAD filed a motion to dismiss.

In late December of 2014, the Magistrate Judge issued a Report and Recommendation, recommending McHugh and RRAD's motion to dismiss be granted and that URS' motion to dismiss be granted in part and denied in part. Specifically, the Magistrate Judge recommended Plaintiff's racial discrimination claims against URS be dismissed for failure to state a claim upon which relief can be granted. Regarding Plaintiff's retaliation claim, the Magistrate Judge granted URS' alternate motion for a more definite statement.

On March 30, 2015, Judge Schroeder adopted the December 30, 2014 Report and Recommendation as the findings and conclusions of the Court, dismissing without prejudice Plaintiff's claims against McHugh and the RRAD. The Court also granted URS' Rule 12(b)(6) motion to dismiss Plaintiff's racial discrimination claim, leaving only Plaintiff's retaliation claim against URS in this case. The Court ordered Plaintiff to amend his complaint against URS within fifteen days, removing the racial discrimination claim and alleging facts sufficient to support a retaliation claim. Plaintiff amended his complaint April 6, 2015 and was later allowed to add an additional attachment. Dkt. Nos. 69 & 89. On June 23, 2015, Plaintiff filed another amendment to his Amended Complaint, entitled "Amended Exhibits," which the Court again allowed.

On June 24, 2015, URS filed its current amended motion to dismiss, asserting Plaintiff alleged no facts in his amended complaint linking URS' recision of its job offer with Plaintiff's prior

EEOC activity. In response to URS' amended motion to dismiss, Plaintiff attached a copy of his URS application and copies of emails from within URS.

Because Plaintiff submitted matters outside the pleadings, the Magistrate Judge provided notice to the parties on July 7, 2015 that she would treat URS' motion as one for summary judgment under Federal Rule of Civil Procedure 56. *See* FED. R. CIV. P. 12(d). The Magistrate Judge allowed URS to file a reply to its motion and Plaintiff to file a surreply brief, including any pertinent summary judgment evidence.

In its reply, URS argued Plaintiff cannot establish a *prima facie* case of retaliation because there is no evidence of any casual connection between Plaintiff's filing a discrimination charge against the RRAD in 2009 and URS' withdrawal of a job offer in August 2012. Even if Plaintiff could establish a *prima facie* case of retaliation, URS asserted it has articulated legitimate, nondiscriminatory reasons for its withdrawal of the job offer to Plaintiff. Specifically, URS stated it withdrew its job offer based on Plaintiff's criminal conviction for domestic battery and resulting probation within three years of his application, which precluded his employment under URS' own policy and his entry onto the RRAD under the Government's Adjudication Guidelines. According to URS, Plaintiff presented no evidence these reasons are pretext for retaliation.

## III. REPORT AND RECOMMENDATION

On August 17, 2015, the Magistrate Judge issued a 23-page Report and Recommendation, recommending URS' motion for summary judgment be granted and that Plaintiff's case be dismissed with prejudice. In addition to considering the evidence filed by URS, the Magistrate Judge considered all the allegations and attachments provided by Plaintiff in the case, including those contained in the following:

- Plaintiff's original complaint against RRAD (Dkt. No. 1);

3

- Plaintiff's original complaint against URS (Dkt. No. 14);

- Plaintiff's most recently amended complaint (Dkt. No. 69);

- Plaintiff's Supplemental Complaint filed on June 23, 2015 (Dkt. No. 87);

- Plaintiff's response to URS' motion (Dkt. No. 94);

- Plaintiff's surreply brief (Dkt. No. 102); and

- a supplement to the surreply wherein Plaintiff attached medical records (Dkt. No. 103).

According to the Magistrate Judge, Plaintiff's retaliation claim is based on the actions of URS employees Jeromy Craver and Vernon Lewis. Specifically, Plaintiff asserts that when he was denied the opportunity to go to Iraq by the RRAD and offered the opportunity to resign or be terminated because of his drinking alcohol before work, he resigned and "went back to URS to get [his] job back and Vernon Lewis stated URS wasn't going to hire [him] back because of what happened with Red River." (Dkt. No. 69, ¶ 4). Plaintiff alleges Lewis knew about Plaintiff's EEOC activity based on Lewis' statement that Plaintiff was not going to rehire Plaintiff.

As an initial matter, the Magistrate Judge noted Plaintiff did not even file a formal charge of discrimination until March 30, 2009, wherein he complained about the RRAD's refusal to allow him to go to IRAQ in November of 2008 because he had been drinking before work. In his March 30, 2009 EEO complaint against RRAD, Plaintiff mentions that his LSI supervisor had told him he could not return to work at LSI "**because of what occurred on 11-12-08 at RRAD**." (Dkt. No. 69, Exh. 1 at pg. 4) (emphasis added). According to the Magistrate Judge, the incident at RRAD on 11-12-08 was Plaintiff's drinking before coming to work on the day the employees were to leave for Iraq, and Plaintiff had not engaged in any EEO activity at that time. Thus, the Magistrate Judge held Plaintiff could not have been discriminated against in retaliation for the protected activity of filing an EEOC complaint if the statement from Lewis was made at a point in time before Plaintiff had

4

engaged in any protected activity. *See Anthony v. Donohoe*, 460 F. App'x 399, 404 (5th Cir. 2012) (no causal connection between alleged adverse action and plaintiff's protected activity of complaining to senator about discrimination where senator's letter to plaintiff's employer instructing it to investigate plaintiff's claims was postmarked after plaintiff had been reassigned).

Regarding URS' recision of the conditional job offer in August 2012, the Magistrate Judge held there is nothing in Plaintiff's allegations or in the evidence to suggest (1) Plaintiff had any further contact with URS between November 2008 and August 2012 when he applied at URS for a job as a General Worker; or (2) that URS knew at the time it rescinded the job offer in 2012 that Plaintiff had engaged in protected activity back in 2009 in connection with his employment with the RRAD. According to the Magistrate Judge, Plaintiff's only evidence of knowledge by Jeromy Craver, the URS employee who made the conditional job offer in 2012 and then withdrew it, is Lewis' statement to Plaintiff in 2008 that he could not rehire Plaintiff because of what happened at RRAD.[1]

Viewing the evidence in the light most favorable to Plaintiff, the Magistrate Judge found Plaintiff had not established (or even sufficiently alleged) a *prima facie* case for retaliation, warranting summary judgment in favor of URS. However, for purposes of the Report and Recommendation, the Magistrate Judge assumed Plaintiff had established a *prima facie* case of retaliation and considered whether URS had demonstrated a legitimate, nondiscriminatory reason for its withdrawal of the conditional job offer in 2012.

---

[1] According to the Magistrate Judge, Lewis' refusal to rehire Plaintiff in 2008 cannot serve as a basis for his retaliation claim because Plaintiff never filed a charge of discrimination regarding the refusal to rehire. A charge would have had to have been filed with the Equal Employment Opportunity Commission within 300 days of Lewis' refusal to rehire Plaintiff for this claim to be actionable. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002).

The Magistrate Judge found URS had articulated such a legitimate, nondiscriminatory reason: Plaintiff failed to pass a background check and receive security clearance from the Government to access the RRAD. According to the Magistrate Judge, URS presented evidence of Plaintiff's intervening conviction for Domestic Battery 3rd Degree in 2010 between his protected activity in 2009 and URS' withdrawal of its job offer in 2012 after learning of the conviction. URS determined the job offer should be withdrawn under the Army's Adjudication Guidelines and URS' own policy precluding the employment of an applicant with a criminal conviction/probation within three years of his application. Craver Decl. ¶ 8.

Finally, the Magistrate Judge concluded URS is entitled to summary judgment on Plaintiff's retaliation claim for the additional reason that Plaintiff had not presented any evidence that URS knew about his EEO Complaint against the RRAD in 2009 and that it would not have withdrawn its job offer in 2012 "but for" the fact that Plaintiff had previously filed an EEO Complaint against the RRAD. The Magistrate Judge stated there is no evidence before the Court that: (i) Craver, Lewis, or anyone with URS was aware of Plaintiff's prior EEO activity; (ii) URS did not, in fact, rely on Plaintiff's recent criminal conviction for Domestic Battery 3rd Degree in withdrawing the job offer; (iii) URS had the ability to challenge the adjudication guidelines of the federal government regarding access to the RRAD, or (iv) URS would not have rescinded the 2012 job offer "but for" Plaintiff's 2009 EEO Complaint against RRAD.

## IV. PLAINTIFF'S OBJECTIONS

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Relying on an email exchange between David Parham and LaNeesa Cornelius, URS employees involved in the recruiting and hiring process, Plaintiff **first** asserts URS' statement that the reported inability of Plaintiff to work at RRAD is a lie. According to Plaintiff, the reason stated for rescinding the

6

conditional job offer to Plaintiff was "failed background;" it does not say anything about Plaintiff "failing government guidelines to work on Depot." (Dkt. No. 105 at 2).

In his **second objection,** Plaintiff takes issue with the Magistrate Judge's determination that there are no allegations that URS played any part in the Government's decision to deny Plaintiff access to the RRAD or that URS had any ability to challenge the Army's decision. According to Plaintiff, he subpoenaed an Army employee at RRAD (Tara Goff), the person who would have clarified that he did in fact have access to the RRAD, but Ms. Goff did not appear.

**Third**, Plaintiff asserts the Magistrate Judge incorrectly determined he failed to allege any facts to support a claim that URS was aware of his 2009 charge of discrimination and "but for" URS' desire to retaliate, the job offer would not have been rescinded. According to Plaintiff, the email between Parham and Cornelius ("failed background") is different from the reason URS is "now stating." *Id*. at 3-4.

In his **fourth objection**, Plaintiff argues the adjudication guidelines he presented state a particular type of background investigation for top secret clearance or assignment to a critical-sensitive position, but a general worker (the position Plaintiff applied for) is neither category; therefore, Plaintiff argues this is a fact issue precluding summary judgment. (Dkt. No. 105 at 4).

In his **fifth objection**, Plaintiff argues there is a fact issue because URS' application states specifics on convictions. (Dkt. No. 105 at 4-5).

**Finally**, Plaintiff relies on his attachments to his supplemental complaint regarding three different retaliation claims filed by other individuals against URS.

On September 23, 2015, the Magistrate Judge ordered URS to respond to Plaintiff's objections. On September 29, 2015, without leave of Court, Plaintiff filed "Supplemental Objections" to the Report and Recommendation. On October 6, 2015, again without leave of Court,

Plaintiff filed a document entitled "Motion to Amend Response to the Order of Defendant 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted," which the Clerk filed as "Second Supplemental Objections to Proposed Findings and Recommendation." Although the October 6 filing adds nothing new to his objections, the Court considers both the September 29 and October 6 supplemental filings in its *de novo* review. On October 13, 2015, Plaintiff filed a "response to Defendant['s] response to Plaintiff['s] objection," which the Court also considers.

## V. *DE NOVO* REVIEW

In his **first and third objections**, Plaintiff relies on the email exchange between Parham and Cornelius, asserting the stated reason for the recision ("failed background") is different from the reason URS is now stating (URS' policy regarding applicants with criminal histories and the Government's Adjudication Guidelines). However, Plaintiff ignores the contemporaneous reasons given for the withdrawal of the conditional job offer in the notes regarding Baker in URS's candidate tracking system: "Failed background check/Security Clearance." (Dkt. No. 98-3 at 17, Ex. A to Craver Decl. (Ex. C to URS's Summary Judgment Motion)). This evidence was outlined in the Magistrate Judge's Report and Recommendation at pages 10-11.

In addition, URS states Plaintiff "miscomprehends the full meaning of the shorthand reason 'failed background' in the e-mail for the withdrawal of his job offer." (Dkt. No. 109 at 9). As recognized by Plaintiff in his original complaint, URS has always contended that the offer was withdrawn because his criminal conviction precluded his being hired, under both URS' policy at RRAD and the Government's Adjudication Guidelines. (Dkt. No. 1 at 4, 11)(Dkt. No. 1-1 at 7).

The Magistrate Judge noted Plaintiff's acknowledgment in his deposition that he has no evidence that Craver, the URS employee who made the job offer in 2012 and then withdrew it, knew

8

anything about the events in 2008 regarding Baker's drinking alcohol before work while a RRAD employee; his resignation from RRAD; or his 2009 EEO Complaint. (Dkt. No. 104 at 17-18, 21-22). Craver further testified that, although he has no present recollection of Plaintiff or the withdrawal of the conditional job offer, in light of URS' policy and the Government's Adjudication Guidelines, Craver stated he would have rescinded the job offer made to Plaintiff. Thus, both the determination under URS' policy and the Government's Adjudication Guidelines are encompassed in the "failed background" reason that Plaintiff's job offer was rescinded as stated in the Parham to Cornelius email exchange.

The key issue in this retaliation case is Plaintiff's claim that the job offer was rescinded in August 2012 because he had filed a discrimination charge against the RRAD approximately three and a half years earlier in March 2009. According to the Magistrate Judge, Plaintiff's only evidence of knowledge by Craver is URS employee Vernon Lewis' alleged statement to Baker in 2008—before Baker engaged in any protected activity—that URS could not rehire Plaintiff because of what happened at RRAD. *Id*. The Court finds the Magistrate Judge properly determined there is no evidence that URS was aware of Plaintiff's 2009 charge of discrimination against the RRAD when the conditional job offer was withdrawn; thus, there is no evidence of a causal connection between Plaintiff filing a charge against RRAD and URS' withdrawal of the job offer or that "but for" URS' desire to retaliate, the job offer would not have been rescinded. *Id.*

Regarding Plaintiff's **second objection**, URS advised the Court that Tara Goff is not now, nor has she ever been, an employee of URS, and URS had no authority or control over her. (Dkt. No. 100). URS further advised the Court that Plaintiff requested the depositions of two URS employees, and those employees appeared and their depositions were taken by Plaintiff on July 20, 2015. *Id.* Neither URS nor the Court know (1) what Ms. Goff would testify to regarding Plaintiff's access to

9

the RRAD either at the time he applied for work in August 2012 or now; (2) what knowledge, if any, she had of Plaintiff's background check results; or (3) what knowledge, if any, she has of URS' policies regarding applicants with criminal histories or of the RRAD's Adjudication Guidelines. As urged by URS, however, Plaintiff has represented in his own complaint against the Army that he was denied access to the RRAD. There are no contentions that URS participated in that decision or could have challenged it. (Dkt. No. 104 at 10-11).

The Court also finds Plaintiff's **fourth objection** without merit. Plaintiff objects to the Magistrate Judge's Report and Recommendation, claiming the Adjudication Guidelines he found are different than the ones relied on by Craver, and a fact issue must exist that precludes summary judgment. According to URS, the Government's Adjudication Guidelines, relied upon by URS recruiter Craver, disqualify applicants who had criminal convictions for spouse or child abuse within the past five years. (Dkt No. 98-3,Craver Decl., ¶ 8 and Decl. Ex. C (SF 85P Adjudication Guidelines) (Ex. C. to URS' Summary Judgment Motion)). Plaintiff's 2010 conviction was for domestic abuse, and he applied for work at URS in 2012. Therefore, according to URS, Craver concluded that Plaintiff was disqualified under the Government's Adjudication Guidelines to be hired to work at the RRAD. *Id.*

Even if Craver misinterpreted the version of the Government's Adjudication Guidelines he relied on in making his decision, URS asserts that would not establish a genuine issue of material fact regarding Plaintiff's retaliation claim because the Magistrate Judge found "the complete absence of any evidence (i) that Craver knew Baker had filed a discrimination charge against RRAD in 2009, (ii) of any causal connection between Baker's prior EEO activity and the withdrawal of the job offer, or (iii) that 'but for' Baker's EEO activity against RRAD in 2009, Craver would not have withdrawn the job offer in 2012 based on Baker failing the background check." (Dkt. No. 109 at 10).

**Fifth**, according to Plaintiff, the URS application asked whether the applicant had ever been convicted of a crime, felony, or misdemeanor but instructed the applicant not to list any conviction which has been expunged, sealed or erased by the court. (Dkt. No. 96 at 19). URS asserts the offer letter Plaintiff received in connection with the conditional job offer from URS to work at RRAD made clear that actually being hired was conditioned upon passage of a criminal background check. (Dkt. No. 98-2 at p. 13, Ex 7 (Offer Letter) (Ex. B to URS' Summary Judgment Motion)). Craver asked Plaintiff about his criminal conviction, and Plaintiff provided information establishing his Domestic Battery 3rd Degree conviction had been expunged.[2]

But according to URS, this recent conviction caused Plaintiff to fail the background check—the conviction and completion of the probation period were too "fresh"—both under URS' policies at RRAD and under the Government's Adjudication Guidelines. (Dkt. No. 69, Pl's Am. Compl., ¶ IV). The Court is not convinced the instructions in the employment application relied on by Plaintiff are material to Plaintiff's retaliation claim. The Court agrees with URS that the criminal conviction discovered during the background check after the conditional offer was made is relevant to the hiring process, and Craver was not required to overlook a conviction that he knew about in making a hiring decision for a job at RRAD.

In conjunction with his fifth objection, Plaintiff states he was charged with a misdemeanor and the Government's Adjudication Guidelines contain mitigating factors, including circumstances indicating that the actual offense was less serious than the offense charged, so URS should not have relied on his criminal history in withdrawing the job offer. (Dkt. No. 105 at 5). The Magistrate Judge noted that Craver's deposition testimony that URS has more than one set of guidelines to "go by,"

---

[2] As the Magistrate Judge noted, Plaintiff's Domestic Battery conviction was sealed, not expunged. (Dkt. No. 104 at 8).

including those of URS' customers. (Dkt. No. 104 at 21). As noted above, the Adjudication Guidelines relied upon by Craver disqualify persons for hire who had criminal convictions for spouse or child abuse within the past five years. Plaintiff's conviction for domestic abuse was in December 2010; he was on probation for twelve months; and he applied for work in August 2012. According to URS, the mitigating factor in the guidelines relied upon by Plaintiff is "actual offense was less serious that the offense charged." There is no evidence this mitigating factor is applicable to Plaintiff's Domestic Battery 3rd Degree conviction within the five years prior to his application.

**Finally**, Plaintiff references his evidence regarding other retaliation claims filed against URS. Specifically, Plaintiff filed an article from a website, "The Southeast Texas Record," about a lawsuit filed by Rezita Moss against URS. (Dkt. No. 87). Plaintiff claims Moss' gender discrimination, sexual harassment, and retaliation claims are similar to his claim. (Dkt. No. 105 at 7).

There is no finding of retaliation reported, and Plaintiff does not show how he is similarly situated to Moss or the other individuals. To be similarly situated, the employees' circumstances must be "nearly identical" in all respects—employees with different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records are not considered to be "nearly identical." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005).

According to URS, Plaintiff was an applicant for employment, not an employee of URS; he did not have the same supervisors; and he has not alleged sexual harassment or that he was retaliated against for reporting sexual harassment. The Court finds the Magistrate Judge appropriately concluded Plaintiff is not similarly situated to the plaintiffs in the other cases, including Moss. (Dkt. No. 104 at 5, n.2).

## VI. CONCLUSION

The Court finds Plaintiff's objections without merit. The Court is of the opinion the findings

and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant URS Federal Support Services, Inc.'s Amended Rule 12 (b)(6) Motion to Dismiss for Failure to State a Claim, converted to a Motion for Summary Judgment (Dkt. No. 91) is **GRANTED**. It is further

**ORDERED** Plaintiff's above-entitled and numbered case against URS Federal Support Services, Inc. is **DISMISSED WITH PREJUDICE.**

**SIGNED this 18th day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE